EMERY ALLEN v. STATE OF OHIO.

1. **Character Witnesses in Prosecution for Rape Cross-Examined as to Reputation for Lascivious Conduct.**

   On the trial of a defendant indicted on a charge of rape, witnesses who testify in his behalf that his general reputation for morality is good, may be asked on cross-examination if they have not heard reports or rumors of specific instances of lascivious conduct on his part with other women, although that line of cross-examination would not be proper if the witnesses had testified to his good character, only.

2. **Substance of Complaints Made by Prosecutrix for Rape, Admissible.**

   The substance of complaints made by the prosecutrix in an indictment for rape, is admissible in evidence if the complaints are made immediately or soon after the offense, but if delay ensue, it must be excused by facts or circumstances introduced in evidence.

3. **Instruction Denominating "Assault with Intent to Commit Rape" as "Attempt to Commit Rape."**

   When the charge of the court on the included offense of "assault with intent to commit rape," erroneously denominates it "an attempt to commit rape," but accurately defines the elements constituting the offense, the error is not prejudicial, and the conviction will not be reversed therefor.

*Ladd & James*, for plaintiff in error.

*Earl K. Solether*, Pros. Atty. for defendant in error.

**RICHARDS, J.**

The defendant was indicted and tried on a charge of rape committed on September 26, 1914, and convicted of an assault with intent to rape.

It is insisted that the verdict is not sustained by sufficient evidence, and that error was committed in the reception of evidence and in the charge of the court. We have read all the evidence contained in the record with care, and are unanimously of the opinion that there is sufficient evidence to sustain the verdict, and a majority of the court, if sitting as triers of the fact, would have found on the evidence that the defendant was guilty. No useful purpose would be gained by a review of the evidence and we therefore omit the same.

It is claimed that the court erred in admitting evidence in

Allen v. State.

the cross-examination of witnesses who testified to the reputation of the defendant. Some of these witnesses were inquired of if they had not heard of the relations of the defendant with other women at a place called Haneytown, which they denied. We think that line of cross-examination would be proper where a witness had testified to the general reputation of the defendant in that respect, but the record fails to disclose an exception taken to the admission of such evidence.

The defendant on numerous occasions objected to the introduction of evidence of complaints made by the prosecutrix immediately or soon after she claimed to have been raped. The admissibility of this class of evidence is not an open question in Ohio. Whatever may be the rule elsewhere, it is settled in this state that the substance of what the prosecutrix said in making complaint immediately after the offense was committed, is competent evidence to corroborate her testimony. Some of these complaints were not made immediately after the commission of the offense, but in each case the delay was excused by circumstances shown in the evidence. *McCombs* v. *State*, 8 Ohio St. 643; *Dunn* v. *State*, 45 Ohio St. 249.

It is further insisted that the charge, contains error to the prejudice of the defendant. The trial judge in charging on the subject of the included offense of assault with intent to commit rape, uses that phrase interchangeably with the phrase, an attempt to commit rape, but when he comes in the charge to define the statutory elements necessary to be found by the jury in order to enable that tribunal to return a verdict of guilty of an assault with intent to commit rape, he does so with accuracy.

In the case of *Fox* v. *State*, 34 Ohio St. 377, the verdict found the defendant guilty of an attempt to commit rape, and this was held to be error. The verdict in the case at bar is drawn in accordance with the statute, and finds the defendant guilty of an assault with intent to commit rape, so that, while the trial judge in his charge commented on an attempt to commit rape as if it were an offense, yet in view of the fact that he properly charged as to the elements constituting the offense of which the defendant was convicted, it does not appear that the jury was misled, or that the charge was prejudicial.

We have examined other portions of the charge which have been subjected to criticism, but find no prejudicial error. The judgment will, therefore, be affirmed.

CHITTENDEN, J., concur.

KINKADE, J., concurring.

While I think the judgment in this case must be affirmed, under the rule laid down by the Supreme Court in the case of *Breese* v. *State*, 12 Ohio St. 146, nevertheless it seems to me there was abundant evidence to raise a reasonable doubt as to the guilt of the accused in the mind of any juror, and had I been a juror in the case I would not have voted to convict him on the evidence submitted.